# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA; and ) <br> The States of CALIFORNIA, DELAWARE, ) <br> FLORIDA, GEORGIA, HAWAII, ) <br> ILLINOIS, INDIANA, LOUISIANA, ) <br> MASSACHUSETTS, MARYLAND, ) <br> MONTANA, NEVADA, ) <br> NEW HAMPSHIRE, NEW JERSEY ) <br> NEW MEXICO, NEW YORK, ) <br> OKLAHOMA, RHODE ISLAND, ) <br> TENNSESSE, TEXAS, VIRGINIA, ) <br> And WISCONSIN and the ) <br> DISTRICT OF COLUMBIA, ex rel. ) <br> AMY BERGMAN and ) <br> AMY BERGMAN, individually, ) <br> ) <br>               Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ABBOTT LABORATORIES, ) <br> ) <br>              Defendants ) | Civil Action No. 09-CV-4264 |

## STATE OF FLORIDA'S STATEMENT OF INTEREST

The State of Florida (Florida) files this Statement of Interest to correct statements made by Abbott Laboratories (Abbott) in Defendant's Motion to Dismiss filed on November 9, 2012 in the above captioned case and in its accompanying Memorandum of Law in Support of Defendant's Motion to Dismiss (Memorandum of Law) regarding the proper statement and legal interpretation of the Florida law on Limitations of False Claims Actions, cited at chapter 68.089 of the Florida Statutes.

Florida retains an interest in this matter, even though it has declined to intervene, because Florida is entitled to a portion of any proceeds of the litigation diverted from the Florida Medicaid Program and because Florida has an ongoing interest in ensuring consistent and correct interpretation of Florida Statutes. Florida respectfully submits the following position:

**1. The Memorandum of Law Does Not Accurately State the Florida Law in its Entirety**

Referring to Florida Statute §68.089(1) amongst other state laws, the Defendant asserts "the state statutes upon which Relator relies are generally subject to six year statutes of limitation that are not conditioned on the discovery or knowledge of false claims but instead act as absolute bars. Accordingly, eighteen of the twenty-five state counts are barred to the extent they are based on conduct occurring before September 18, 2003 (six years from the date Relator first filed her suit):…" Memorandum of Law at 62. These statements are misleading as to Florida as they ignore the rest of the statute at issue.

The exact language of the entire statute states:

> "A civil action under this act may not be brought: (1) More than 6 years after the date on which the violation of s. 68.082 is committed; or (2) More than 3 years after the date when facts material to the right of action are known by the state official charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed, whichever occurs last." (Florida Statutes §68.089).

By ignoring the second half of Florida's law on Limitations on Actions in cases brought under the Florida False Claims Act, Abbott has made a representation to this Court that any claims prior to 2003 are barred *without exception* under Florida's own laws. In the literal language of the statute, any claims arising more than three years *after* the material facts are known to the state official charged with responsibility to act are barred. While it is true the Relator initially filed her complaint in 2009, the complaint was under seal. It was not until January 2012 that the seal was lifted to provide notice and a copy of both the complaint and the

**STATE OF FLORIDA'S STATEMENT OF INTEREST**
Page 2

amended complaint to the states. Since Florida was not aware of the facts material to the action until January 2012, a reasonable interpretation most favorable to Florida would imply the State should not be barred from bringing a civil action in this case on any of the claims until January 2015.

A single case specifically cites Florida's statute for limitations on False Claims actions. In *U.S. ex rel. Foster v. Bristol-Myers Squibb Co.*, 587 F.Supp. 2d 805 (E.D. Tex., 2008), the Defendant moved to dismiss the Relator's complaint along with State and Federal claims. While the District Court for the Eastern District of Texas chose to agree with the Defendant and cited the six year limitation in Florida Statutes § 68.089(1), the opinion has been negatively referenced and is merely persuasive, not controlling, in the present Court. No other state or federal court opinions address time limitations on actions brought under Florida's False Claims Act with such specificity, and a single opinion in which only half of the statute is cited should not be the basis for a ruling by this Court.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JOHN SCOTT
Deputy Attorney General for Civil Litigation

RAYMOND C. WINTER
Chief, Civil Medicaid Fraud Division

_____
GREG T. KINSKEY
Texas Bar No. 24015125
Pennsylvania ID No. 44770
Assistant Attorney General
Civil Medicaid Fraud Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-0674 (fax)
(512) 936-1415 (office)
greg.kinskey@oag.state.tx.us

ATTORNEYS FOR THE STATE OF TEXAS
and on behalf of and at the request of
THE STATE OF FLORIDA

PAMELA JO BONDI
Attorney General of Florida

JAMES VARNADO
Associate Deputy Attorney General

MICHAEL J. KARPINSKI
Assistant Attorney General

*/s/ Erin K. McCarthy*

Erin K. McCarthy
Florida. Bar No. 0099871
Assistant Attorney General
Florida Medicaid Fraud Control Unit
Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399-1050
(850) 414-3864 (phone)
(850) 410- 0179 (fax)
Erin.McCarthy@myfloridalegal.com

ATTORNEYS FOR THE STATE OF FLORIDA
(*not admitted to the EDPA*)

# CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of January 2013, a true and correct copy of the foregoing *State of Florida's Statement of Interest* was filed and served via electronic case filing (ECF) upon all counsel of record who have consented to electronic service and that it is available for viewing and downloading from the ECF system. I further certify that if any party has not consented to electronic service, that a true and correct copy was served upon them by first class mail, postage prepaid as follows:

Susan Bricklin
Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476
susan.bricklin@usdoj.gov
*Counsel for the United States*

Robert N. Nicholson
Parker D. Eastin
Nicholson & Eastin, LLP
200 South Andrews Avenue, Suite 100
Fort Lauderdale, Florida 33301
Robert@NicholsonLawGroup.com
*Counsel for Relator*

Marc S. Raspanti
Pietragallo, Gordon, Alfano, Bosnick, & Raspanti, LLP
1818 Market Street, Suite 3402
Philadelphia, PA 19102
MSR@Pietragallo.com
*Counsel for Relator*

John J. Uustal, Esq.
Kelley/Uustal Law Firm
700 Southeast Third Avenue, 3rd Floor
Fort Lauderdale, FL 33316
jju@kulaw.com
*Counsel for Relator*

Marc J. Sonnenfeld
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
msonnenfeld@morganlewis.com
*Counsel for Defendant Abbott Laboratories*

Mark Filip
Kirkland & Ellis LLP
300 N. LaSalle
Chicago, IL 60654
mark.filip@kirkland.com
*Counsel for Defendant Abbott Laboratories*

Peter F. Murray
Deputy Attorney General
Bureau of Medi-Cal Fraud and Elder Abuse
Office of the Attorney General
California Department of Justice
1455 Frazee Road, Ste. 315
San Diego, CA 92108
Peter.Murray@doj.ca.gov

James Apostolico
Deputy Attorney General
Medicaid Fraud Control Unit
Delaware Department of Justice
Carvel State Office Bldg., 5th Floor
820 N. French St.
Wilmington, DE 19801
james.apostolico@state.de.us

Erin K. McCarthy
Assistant Attorney General
Florida Office of the Attorney General
Florida MFCU - Complex Civil Enforcement Bureau
PL-01, The Capitol
Tallahassee, FL 32399-1050
Erin.McCarthy@myfloridalegal.com

Scott A. Smeal
Senior Assistant Attorney General
Georgia MFCU
2100 East Exchange Place, Suite 200
Tucker, GA 30084
scott.smeal@mfcu.ga.gov

Michael Parrish
Director
Hawaii MFCU
Office of the Attorney General
333 Queen Street, 10th Floor
Honolulu, HI 96813
Michael.L.Parrish@hawaii.gov

Frederick H. Crystal
Interim Bureau Chief
Illinois MFCU
100 W. Randolph, 12th Floor
Chicago, IL 60601
fcrystal@atg.state.il.us

Jessica Harlan
Deputy Attorney General
Indiana MFCU
Office of the Attorney General
8005 Castleway Drive
Indianapolis, IN 46250
jessica.harlan@atg.in.gov

Nicholas Diez
Assistant Attorney General
Louisiana MFCU
Office of the Attorney General
P.O. Box 94005
Baton Rouge, LA 70804
diezn@ag.state.la.us

Robert Patten
Assistant Attorney General
Massachusetts MFCU
Office of the Attorney General
One Ashburton Place, Room 1813
Boston, MA 02108
robert.patten@state.ma.us

Elizabeth Valentine
Assistant Attorney General
State of Michigan
Health Care Fraud Division
2860 Eyde Parkway
East Lansing, MI 48823
valentinee@michigan.gov

**STATE OF FLORIDA'S STATEMENT OF INTEREST**
Page 8

Kenneth Varns
Assistant Attorney General
Montana MFCU
Office of the Attorney General
2225 11th Avenue
Helena, MT 59601
kvarns@mt.gov

Mark Kemberling
Deputy Director
Nevada MFCU
Office of the Attorney General
555 East Washington Ave., Ste. 3900
Las Vegas, NV 89101
mkemberling@ag.nv.gov

Jeff Cahill
Director
New Hampshire MFCU
Office of the Attorney General
33 Capital Street
Concord, NH 03301
jcahill@doj.nh.gov

Joshua Lichtblau
Assistant Attorney General
New Jersey MFCU
Office of the Attorney General
25 Market St.
P.O. Box 085
Trenton, NJ 08625-0085
lichtblauj@njdcj.org

Jody Curran
Director
New Mexico MFCU
Office of the Attorney General
PO Drawer 1508
Santa Fe, NM 87504
jcurran@nmag.gov

ay Speers
Director of Special Projects
New York MFCU
Office of the Attorney General
120 Broadway 13th Fl
New York, NY 10271
jay.speers@ag.ny.gov

Mykel Fry
Assistant Attorney General
Patient Abuse and Medicaid Fraud Control Unit
Oklahoma Office of Attorney General
313 NE 21st Street
Oklahoma City, OK 73105
mykel.fry@oag.ok.gov

James Dube
Assistant Attorney General
Director
Rhode Island MFCU
Office of the Attorney General
150 South Main Street
Providence, RI 02903
jdube@riag.ri.gov

Valerie Smith
Assistant Attorney General
Office of the Attorney General
Staff Attorney/Special Agent
Tennessee MFCU
901 R.S. Gass Blvd.
Nashville, TN 37216
Valerie.Smith@tn.gov

Lelia P. Winget-Hernandez
Assistant Attorney General
Medicaid Fraud Control Unit, CIS
Office of the Attorney General
900 East Main Street
Richmond, VA 23219
LWinget-Hernandez@oag.state.va.us

Thomas L. Storm
Director
Wisconsin Department of Justice
17 W. Main Street
Madison, WI 53703
stormtl@doj.state.wi.us

Elaine Block
Attorney
District of Columbia MFCU
717 14th Street, NW, Suite 1100
Washington, DC 20005
elaine.block@dc.gov

*(signature)*

GREG T. KINSKEY