# EXHIBIT 1

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  | 300 North LaSalle<br>Chicago, Illinois 60654 |  |
|---|---|---|
| Jonathan R. Lahn<br>To Call Writer Directly:<br>(312) 862-2151<br>jonathan.lahn@kirkland.com | (312) 862-2000<br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

September 29, 2014

Robert N. Nicholson
Nicholson & Eastin LLP
707 NE 3rd Avenue
Suite 301
Fort Lauderdale, FL  33304

Re: *Bergman v. Abbott Laboratories - Mediation Discovery*

Dear Robert:

Pursuant to the September 26, 2014 Mediation Agreement between the parties, enclosed please find:

1. a hard drive containing documents bearing the Bates numbers ABT0000001 - ABT0296405. The documents within this Bates range constitute the entirety of Abbott's production to the United States in response to the November 2009 HHS OIG subpoena and have been designated "Confidential" pursuant to the Mediation Agreement and the protective order entered by the Court in this case;

2. a DVD containing TriCor call note records responsive to the search terms you proposed in your September 1, 2014 e-mail to Henry DePippo. These records are designated "Confidential" pursuant to the Mediation Agreement and the protective order entered by the Court in this case; and

3. a CD containing data on TriCor sales to relevant government channels for the period 10/2003-12/2008. The CD contains two Excel Files, which have been designated "Highly Confidential" in accordance with the Mediation Agreement and the protective order entered by the Court in this case. The first Excel file contains summary information regarding government sales by channel, and contains a second tab reflecting Medicare Part D rebate payment data. The second file contains Medicaid rebate payment data.

## KIRKLAND & ELLIS LLP

Robert N. Nicholson
September 29, 2014
Page 2

      The materials have been encrypted for security and I will send you passwords in a separate e-mail.

                                            Sincerely,

                                            Jonathan R. Lahn

JRL/dam

Enclosures

KE 33611687.1

# EXHIBIT 2

| | |
|---|---|
| **From:** | Lahn, Jonathan R. |
| **To:** | Gerald Herrmann |
| **Cc:** | Catherine Darlson; "Jared Brown" |
| **Subject:** | RE: Bergman v. Abbott |
| **Date:** | Wednesday, March 18, 2015 6:04:09 PM |
| **Attachments:** | Abbott Proposed Search Terms - 3 18 15 (35432486 1).DOCX |
| | Proposed Abbott Custodians and Roles - 3 18 15 (35432191 1).DOCX |

Gerald -

Thank you for providing your amended responses. I look forward to our discussion tomorrow. Attached please find our proposed custodian and search term lists for document collection. We are prepared to discuss the date range issue and the remaining issues on tomorrow's call.

Thanks,

Jon

Jonathan Lahn
Kirkland & Ellis LLP
300 N. LaSalle St.
Chicago, IL 60654
312-862-2151

**From:** Gerald Herrmann [mailto:gerald@nicholsoneastin.com]
**Sent:** Tuesday, March 17, 2015 4:11 PM
**To:** Lahn, Jonathan R.
**Subject:** Bergman v. Abbott

Good Afternoon Mr. Lahn:

      In order to make our next meet and confer as productive as possible and to dispel your concerns, I have attached our proposed amended response to your Request for Production. With that accomplished I would request that you provide us with your search term list, custodian list and your list of objections regarding the expansion of the 2003 – 2008 timeframe. As you know there are several cases in the Eastern District of Pa. that allow for the expansion. I would like to set dates when we can expect responsive answers to our interrogatories, Requests for Admissions and Request for Production. I thank you in advance for your anticipated cooperation.

Gerald F. Herrmann, Esq.
Nicholson & Eastin, LLP
707 N.E. Third Avenue
Suite 301
Fort Lauderdale, Florida 33304
P: (954) 634-4400
F: (954) 634-4418

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. ANY ATTACHMENTS TO THIS TRANSMISSION ARE FOR THE SOLE PURPOSE OF CONVEYING THE DIRECT WRITTEN AND COMMONLY VISIBLE COMMUNICATION CONTAINED THEREIN. NO TRANSMISSION OF UNDERLYING CODE OR METADATA IS INTENDED. USE OF ANY ATTACHMENT FOR ANY PURPOSE OTHER THAN RECEIPT OF THE DIRECT WRITTEN COMMUNICATION CONTAINED THEREIN IS STRICTLY PROHIBITED. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY AND RETURN THE ORIGINAL MESSAGE TO THE SENDER. THANK YOU.

**Abbott Proposed Search Terms - 3/18/15**

- VA-HIT
- "Heart Protection Study" or "HPS"
- gemfibrozil AND train*
- DAIS
- SAFARI
- Helsinki
- ("TriCor" OR "fenofibrate") AND any of the following:
    - "medical advisory"
    - "advisory board"
    - "board membership"
    - "speak* bureau"
    - CME
    - "pharma* sales"
    - "support expenditures"
    - handbook
    - "code w/2 conduct"
    - "sales call*"
    - "marketing materials"
    - "sales aids"
    - "educational material*"
    - cardiac
    - (comb* AND statin)
    - "combination therapy"
    - "combo therapy"

KE 35584984.1

- o "paint the picture"
- o "speaker engagement"
- o "speaking engagement"
- o M.E.I.
- o MEI
- o ABComm
- o preceptorship
- o roundtable
- o "return on investment"
- o ROI
- o "benefits w/5 risks"
- o "medical compendi*"
- o "American Hospital Formulary Service"
- o AHFS
- o "Dear Doctor"
- o "Dear Healthcare Professional"
- o Dayspring
- o FIELD
- o "label* w/2 chang*"
- o Roth
- o Pharmacopeia
- o DRUGDEX
- o Reimburs!
- o PDL
- o "War chest"

**Proposed Abbott Custodians and Roles - 3/18/2015**

| CUSTODIAN | Role |
|---|---|
| Bennett, Kevin | Director of Commercial Strategy |
| Bradley, Gregory S. | Director of Commercial Development |
| Castaneda, Lisa | DVP/General Manager, PPD |
| Chari, Amrita | Senior Product Manager |
| Duffey, John | General Manager, TriCor/ABT-335 |
| Elvekrog, Kirsten A. | Associate Director, Dyslipidemia |
| Golumbeck, Kristin | Medical/Regulatory Review Manager |
| Hooyman, Laurel (Krause) | Director of Project Management, PPD |
| Jenkins, Paul | Sales Training |
| Jones, Michael | PPD Franchise DVP/General Manager |
| Kirsch, Jonathan R. | Director, Commercial Strategy |
| McNichols, Sean | Sales Training |
| O'Neil, William | Sales Training |
| Peiser, Lisa | Director, Commercial Stategy |
| Pilotte, John | Sales Director, PPD |
| Solbrig, Deborah | Sales Training |
| Thames-Harris, Stephanie | Sales Training |
| Tolli, Natalie | Global Regulatory/FDA |

KE 35585004.1

# EXHIBIT 3

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| Jonathan R. Lahn<br>To Call Writer Directly:<br>(312) 862-2151<br>jonathan.lahn@kirkland.com | 300 North LaSalle<br>Chicago, Illinois 60654<br>(312) 862-2000<br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

March 23, 2015

**VIA E-MAIL**

Gerald F. Herrmann, Esq.
Nicholson & Eastin, LLP
707 N.E. Third Avenue
Suite 301
Fort Lauderdale, Florida 33304

Re: *U.S. ex rel. Bergman v. Abbott Laboratories*

Dear Mr. Herrmann:

  I write in connection with our recent meet-and-confer discussions regarding the applicable time period for Relator's Requests for Production ("RFPs"). As you know, Relator's RFPs define the relevant period for all requests as January 1, 2000 to present. In its responses and objections to Relator's RFPs, Abbott has taken the position that discovery should be limited to the period September 2003 through December 2008. The beginning of that time period is based on the Court's ruling that Relator's False Claims Act claims are time-barred to the extent the arose prior to September 18, 2003. The December 2008 end of Abbott's proposed time period is based on the allegations of the Amended Complaint, which, as discussed in greater detail below, are confined to the 2000-2008 time period, and the fact that TriCor—the only drug at issue in this case—ceased to be promoted after the introduction of TriLipix in December 2008. Abbott's position has been, simply, that the discovery period should be tailored to the claims asserted and facts alleged in the Amended Complaint.

  During our December 12, 2014 conference with your team, the parties discussed their disagreement regarding the appropriate time period for document discovery, and agreed that Relator would identify particular requests or categories of documents as to which she believes that discovery outside of the 2003-2008 period is appropriate. In a March 10, 2015 letter from Catherine Darlson, Relator asserted that those categories "include, but are not limited to" the following categories:

    TriCor's label and variations thereof; TriCor marketing; communications with and submissions to the U.S. Food & Drug Administration (FDA); the FIELD study; adverse drug incident reports concerning TriCor;

Beijing Hong Kong Houston London Los Angeles Munich New York Palo Alto San Francisco Shanghai Washington, D.C.

KE 35488529.1

## KIRKLAND & ELLIS LLP

Gerald F. Herrmann, Esq.
March 23, 2015
Page 2

analyses/discussions/meeting minutes/notes/tracking of data and information relating to off-label promotion of TriCor, TriCor's use in combination with statins and/or in diabetic patients; Medicare/Medicaid data concerning TriCor; Abbott's relationship with Dr. Thomas Dayspring; items provided to and from the FDA that relate to TriCor's use in diabetics and/or in combination with statins; tracking or analyses of ICD-9 codes; and tracking or analyses of data relating to the impact or effect on total sales of the use or doctors' prescribing of TriCor in combination with statins or in diabetic patients.

During our March 19, 2015 conference, I articulated a proposed compromise on the date range issue. First, I noted that many of the categories of documents identified in your March 10 letter are documents as to which Abbott has substantive objections—for example, adverse event reports, which are irrelevant in this alleged off-label marketing case—and any compromise by Abbott on the date range issue does not constitute a waiver of those other, non-date-related objections. I also stated that there may or may not be documents in any particular category, particularly with respect to pre-2003 documents, and that any compromise on the date range issue is not meant to confirm that any such documents exist. Subject to those qualifiers, I proposed as a compromise that the parties agree to extend the beginning of the time period with respect to the identified categories from September 2003 (the beginning of the non-time-barred claims period) to January 1, 2002. We continue to believe that December 31, 2008 is the appropriate cut-off date for document discovery. Therefore, our proposal is that the parties agree to compromise on a discovery period for the categories identified above of January 1, 2002 through December 31, 2008.

With respect to the starting date of our proposed period, we believe it represents a reasonable compromise between your proposed starting date of January 1, 2000 and the September 2003 beginning of the viable claims period. You have argued that the discovery relevance standard for materials "reasonably calculated to lead to the discovery of admissible evidence" should allow Relator to obtain discovery relating to periods leading up to the viable claims period because such discovery may be relevant to what occurred during the claims period. We believe that our proposal, which would provide 21 months of additional, pre-claims period discovery, is more than sufficient to achieve that objective, and represents a reasonable mid-point between your proposal of January 1, 2000 and our initial position of September 2003.

We believe that our position with respect to the end date of December 31, 2008 is firmly grounded in the allegations of the Amended Complaint. Virtually all of the allegations in the Amended Complaint relate to events in or before 2008. The Amended Complaint alleges that Relator was employed by Abbott from July 1999 through January 2008 and that she promoted TriCor from 2000 until the end of her employment in January 2008. (Am. Compl. ¶ 35) Furthermore, all of the allegations relating to particular allegedly off-label uses end in 2008:

KE 35488529.1

KIRKLAND & ELLIS LLP

Gerald F. Herrmann, Esq.
March 23, 2015
Page 3

promotion for diabetes (2002-2008, ¶ 68); promotion for combination therapy (2002-"until at least 2008," ¶ 87); and use of the allegedly misleading DAIS trial (2001-2008, ¶ 82).

Moreover, as we have discussed and as reflected in documents already in Relator's possession, the "Dyslipidemia End of Year Review" dated December 18, 2008, notes that TriCor samples and promotional materials would cease being distributed on December 15, 2008 and TriCor promotion would cease entirely by January 2, 2009.[1]

Given that all of Relator's claims are based on alleged improper marketing of TriCor causing false claims for reimbursement, it is only logical that the relevant period for discovery should end when the product ceased being promoted. As stated in Abbott's substantive objections, Relator's numerous discovery requests relating to products other than TriCor (some of which—like Certriad—were never even marketed or sold) and studies that were released years after TriCor promotion ended (e.g., the 2010 ACCORD study) are simply irrelevant to her claims that the marketing of TriCor led to the the reimbursement of false claims for TriCor.

For all of these reasons, we believe that documents beyond December 2008 are irrelevant to any of Relator's claims and that Relator's request for documents relating to 2009-2014 are overbroad and unduly burdensome. We believe that our proposed compromise period of January 2002 through December 2008 will provide ample context for Relator's non-time-barred claims, with nearly 21 months of additional pre-September 2003 discovery. We remain hopeful that through further discussion the parties can reach agreement on this issue.

Sincerely,

Jonathan R. Lahn

cc: Catherine Darlson
    Jared Brown

---

[1] ABT0043381 at ABT0043405.

# EXHIBIT 4

**From:** Gerald Herrmann [mailto:gerald@nicholsoneastin.com]
**Sent:** Friday, April 03, 2015 8:48 AM
**To:** Lahn, Jonathan R.
**Cc:** Catherine Darlson; Jared Brown
**Subject:** 2015 04 03 revised custodian list

Mr. Lahn:

In response to your letter of April 2, 2015 attached please find a revised custodian list that we can discuss during our meet and confer.

Gerry Herrmann

GOVT CUSTODIAN LIST
1. Arnold, Timothy
2. Badwan, Runda
3. Bennett, Kevin
4. Bradley, Gregory
5. Carson, Donald
6. Chari, Amrita
7. Corporate Records
8. Doherty, Jennifer
9. Elvekrog, Kirsten and Elvekrog, Kirsten A.
10. Gardner, Joseph
11. Gullo, Mary and Gullo, Mary M.
12. Haas, Marissa C.
13. Hardin, Melanie
14. Hicks-Cavanaugh, Kathleen
15. Hooyman, Laurel
16. Jones, Michael
17. Kirsch, Jonathan R.
18. Krause, Laurel
19. Link, Jeffrey A.
20. Marshak, Richard B.
21. McFarland, Kathryn N.
22. OEC
23. Paielli, Christopher
24. Pauls, Andrew
25. Peiser, Lisa
26. Pena, Richard
27. Pilotte, John
28. Powell, Jason
29. Rancourt, Michael C.
30. RICS Group
31. Shah, Ajay S.
32. Shappee, Daniel
33. Silver, Jonathan
34. Tankin, John
35. Wilkinson, Donna

THOSE ON YOUR LIST THAT WERENT LISTED ON GOVERNMENT LIST
1. Duffey, John – GM TriCor/ABT-335
2. Golumbeck, Kristin – medical/regulatory review manager

3. Jenkins, Paul – sales training
4. McNichols, Sean – sales training
5. O'Neil, William – sales training
6. Solbrig, Deborah – sales training
7. Tolli, Natalie – global regulatory

OTHERS WE WANT
1. Bob Altman – GM/DVP dyslipidemia franchise
2. Mary Szela – VP of PPD
3. Ernesto Rivera – Regulatory Affairs
4. Jim Stolzenbach – DVP Dyslipidemia and Heart Failure
5. Stacey Chronis – PM clinical
6. Eugene Sun – DVP Clinical Development
7. Nicole Nowed-Nassar – DVP of Pharma Operations
8. Denis Razon – Director of Commercial Development of TriCor
9. Michael Maurer – TriCor Marketing Director

NOT LISTED BEFORE
1. Timothy Ackerman – Sales Forecasting Director for TriCor
2. Douglas Sporn – Divisional VP for Regulatory Intelligence in the FDA Liaison Office
3. Marilou Reed – Director of Regulatory Affairs

PEOPLE CUT FROM THE LIST
1. Amy Underwood
2. Joe Medel
3. Audrey Hsieh
4. Any Wojtak
5. Judy Turner
6. Susan Boynton
7. Keith Martino
8. Mary Ellen Rescek
9. Jim Tyree
10. Oliver Bohuon
11. John Leonard
12. Sue Leboza
13. Blasine Penkowski
14. David Wheadon
15. Viola Meehan
16. Linda Baer
17. Kristi Day

18. Dawn Wright
19. Linda Valentine
20. Linda Dennerlein
21. Peyton Yocum
22. Jeff Facer
23. Ron Siegel
24. Catherine York
25. Jeff Stewart
26. Kevin Dolan
27. Francois Aubin MD
28. Dominique Crimet, MD.
29. Patrick tabutiaux
30. Francois/Frank Vivet, MD
31. Julie Baker
32. Shelby Goldman
33. Van W. Perelli-Minetti
34. Scott Chronis
35. Scott Grundy
36. Sander Robins
37. Margarita Feiler
38. Paul Jenkins
39. Sean McNichols
40. Stephanie Thames-Harris
41. Donald Carson