## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel*. : | | CIVIL ACTION |
| AMY BERGMAN, *et al*. : | | |
| Plaintiffs, : | | |
| : | | |
| v. : | | No.   09-CV-4264 |
| : | | |
| ABBOTT LABORATORIES, : | | |
| Defendant. : | | |

## MEMORANDUM

SITARSKI, M.J.                                                August 11, 2016

      Presently before this Court is a motion to compel the production of deposition transcripts filed by Relator, Amy Bergman, (Mot. to Compel, ECF No. 152), the response in opposition of Defendant, Abbott Laboratories, (Def. Resp., ECF No. 156), and Relator's reply, (Reply, ECF No. 159).[1] For the reasons that follow, Relator's Motion is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE**.

## I.      BACKGROUND

      The facts and posture of this case are well-known to the Parties, so the Court provides only a brief recitation of the details pertinent to this motion.  In this *qui tam* action, Relator brings claims under the False Claims Act, 31 U.S.C. § 3729, and similar state statutes.  (Am. Compl. 1-104, ECF No. 18).  Relator alleges, *inter alia*, that Defendant illegally marketed its drug TriCor (generic name fenofibrate) for off-label uses — uses not approved by the United States Food and Drug Administration ("FDA") — thereby causing the submission of false claims to government healthcare systems.  (*Id.* ¶¶ 4, 6).  According to Relator, Defendant promoted off-

---

[1] By Order dated May 19, 2015, the Honorable C. Darnell Jones, II referred all pre-trial discovery-related motions to the undersigned for disposition pursuant to 28 U.S.C. 636(b)(1)(A). (Order, ECF No. 108).

label use of TriCor as a cardiac health aide for diabetic patients and as a combination therapy with statin drugs.  (*Id.* ¶ 7).

The present motion involves requests from Relator's Fourth Request for Production of Documents.  In relevant part, Relator seeks production of deposition transcripts from the case of *In Re Tricor Direct Purchaser Antitrust Litigation*, C.A., No. 05-340, C.A. 05-360 (consolidated), an antitrust action commenced in 2006 in the United States District Court for the District of Delaware.  In Request for Production ("RFP") 440, Relator seeks deposition testimony of "all Abbott witnesses testifying in their employee capacity" in the *In Re Tricor* matter.[2]  (Mot. to Compel Ex. 1 at 5, ECF No. 152-3).  Further, RFP 441 requests the prior deposition testimony of thirteen third-party witnesses who testified in that case.  (*Id.*).  On June 13, 2016, Defendant objected to these requests on the basis of breadth, undue burden, and relevance.  (*Id.*).

On June 24, 2016, Relator filed the pending motion to compel.  In support of its motion, Relator has filed, under seal, the August 9, 2006 deposition transcript of Abbott employee Greg Bradley ("Bradley") from the *In Re TriCor* litigation.  (Mot. to Compel Ex. 2, ECF No. 152-4; Mot. to Seal, ECF No. 153).  Defendant has filed a response in opposition, (Resp., ECF No. 156), and Relator a Reply, (Reply, ECF No. 159).  The matter is fully briefed and ripe for disposition.

## II.   LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery in federal

---

[2]  RFP 440 names twenty-eight such Abbott employees: Lisa Castaneda, Michael Jones, Agnes Westelinck, April Gerzel, Cathy Ackerman, Christina Calvert, Edward Fiorentino, Eugene Sun, Gillian Hodkinson, James Stolzenbach, Jodi Devlin, Joseph Robinson, Julie Garren, Laurence Brugere, Luis Jorge, Marice Alice Lao, Mark Shaw, Mary Szela, Peter Griffiths, Robert Altman, Robert Bennett, Robert Nelson, Robert Williams, Robert Weiland, Ronald Lloyd, Sherry Bryant, Thomas Kelly, and Tom Davis.  (Mot. to Compel Ex. 1 at 5).

litigation.  Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).[3]

Although the scope of discovery is broad, it is not unlimited.  *Inventio AG v. Thyssenkrupp Elevator Americas Corp.*, 662 F. Supp. 2d 375, 380 (D. Del. 2009); *see also Eisai Inc. v. Sanofi-Aventis U.S., LLC*, No. 08-4168 MLC, 2012 WL 628320, at *3 (D.N.J. Feb. 27, 2012) ("Discovery is not without bounds . . . and courts will not permit parties to engage in fishing expeditions . . .") (quoting *MacDermid Printing Solutions, L.L. C., v. E.I. du Pont de Nemours and Co.*, No. 07-4325, 2008 WL 323764, at *1 (D.N.J. Feb. 5, 2008)).  Upon a party's motion or of its own accord, the Court must limit the frequency or extent of discovery if it determines that:

> (i)   the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii)  the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."

Fed. R. Civ. P. 26(b)(2)(C).

---

[3]  The Federal Rules of Civil Procedure, including Rule 26(b)(1), were amended effective December 1, 2015, after the start of this lawsuit.  However, on April 29, 2015, the Supreme Court ordered that these amendments would be applicable to all proceedings commenced on or after December 1, 2015, and all proceedings then pending, "insofar as just and practicable." Order ¶ 2 (U.S. Apr. 29, 2015); see also Fed. R. Civ. P. 86(a)(2) (amended rules govern pending proceedings unless applying them "would be infeasible or work an injustice").  Particularly since neither party has suggested otherwise, the Court finds that application of Rule 26(b)(1), as amended, is both just and practicable in this case.

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosure or discovery of the materials sought.  *See* Fed. R. Civ. P. 37(a).  The moving party must initially demonstrate the relevance of the information sought to a particular claim or defense.  *Bostwick v. Shoop*, No. 1:09-CV-2212, 2010 WL 4536977, at *2 (M.D. Pa. Nov. 3, 2010) (citing *Paluch v. Dawson*, Civil No. 1:CV–06–01751, 2008 WL 2785638 at *2 (M.D. Pa. July 17, 2008)).  Relevance in this context has been "construed broadly to encompass any matter that could bear on, or that could reasonably lead to other matter that could bear on any issue that is or may be in the case."  *Oppenheimer Funds v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 349 U.S. 495, 501 (1947)).  "The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper."  *Peay v. Fisher*, No. 3:15-CV-00345, 2016 WL 3876634, at *1 (M.D. Pa. July 15, 2016) (citing *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982)).

### III.    DISCUSSION

Relator requests production of the deposition transcripts of no fewer than forty-one individuals (including thirteen third-party witnesses) from the *In Re TriCor* antitrust case.  Defendant objects, and raises two arguments.  First, Defendant contends that the motion to compel is procedurally deficient because Relator failed to meet and confer in good faith to resolve this discovery dispute.  Second, Defendant asserts that Relator has failed to satisfy her initial burden of demonstrating that the deposition transcripts requested in RFPS 440 and 441 are relevant to any claims or defenses in this case.

Having carefully considered the briefs and exhibits, the Court finds that Relator has satisfied her duty to meet and confer in good faith, and her motion to compel is procedurally proper.  With regard to the substance of the dispute, the Court finds that the testimony of Lisa

Castenada, Mike Jones, and Dr. Daniel Yanicelli from the *In Re TriCor* matter may be relevant to the pending case. The remainder of Relator's motion to compel is denied without prejudice.

### A.       Relator Satisfied her Duty to Meet and Confer

Defendant argues that Relator failed to confer in good faith regarding production of the deposition transcripts from the *TriCor* antitrust litigation, rendering Relator's motion to compel "procedurally deficient." (Resp. 5, ECF No. 156); (Resp. Ex. 3 at 10, ECF No. 156-4). In reply, Relator claims that she satisfied her duty to confer in good faith on this issue, and any further attempt to confer would have been futile after initial efforts failed. (Reply 7-8, ECF No. 157). I find that Relator has satisfied her duty to meet and confer, and conclude that her motion to compel is procedurally proper.

Federal Rule of Civil Procedure 37(a)(1) provides that a party moving to compel discovery must certify that she has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The Local Rules of this District reiterate this obligation, stating that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute."[4] E.D. Pa. R. 26.1(f). The Third Circuit has explained that these rules signify that, "before moving to compel discovery, 'a party must first prove that it sought discovery from its opponent.'" *Naviant Mktg. Sols., Inc. v. Larry Tucker*, Inc., 339 F.3d 180, 186 (3d Cir. 2003) (quoting *Petrucelli v. Bohringer & Ratzinger,* 46 F.3d 1298, 1310 (3d Cir. 1995)). "If a party does not comply with this requirement, the court may dismiss the discovery motion." *Locascio v. Balicki*, No. CIV.

---

[4]   As Defendant observes, this obligation is further explicated in Judge Jones' standing order, which states that parties may only file a discovery motion if they are unable to resolve a disputed issue after making a good faith effort. (Resp. Ex. 3 at 10, ECF No. 156-4).

07-4834 RBK AMD, 2010 WL 5418906, at *3 (D.N.J. Dec. 23, 2010) (citing *Huertas v. City of Camden*, No. 06–4676, 2008 WL 4845241 (D.N.J. Nov. 6, 2008)) (discovery motion denied because party did not make good faith effort to resolve dispute).

In this case, the Court is satisfied that Relator satisfied her obligation to meet and confer in good faith prior to filing this motion.  Email correspondence reveals that on June 9, 2016, counsel for Relator requested to meet and confer on discovery issues.  (Resp. in Opp. Ex. 2 at 4, ECF No.156-3).  Counsel for the parties met and conferred by phone on June 14, 2016, at which time the parties discussed Relator's request for production of the depositions from *In re TriCor*. (*Id*. at 1-2).  The day after the telephone conference, counsel for Relator wrote to counsel for Defendant to further explain Relator's argument as to the relevancy of the deposition transcripts. (*Id*. at 2).  Counsel wrote:

> [T]he antitrust case concerned the marketing of TriCor by [Defendant] during an overlapping time frame with our case, and many of the Abbott marketing employees involved in the alleged off-label marketing of TriCor in our case were deposed in the antitrust case.  Thus, it is highly likely that those employees would have been asked about issues relevant to the instant case, including questions about the marketing of TriCor and requests for approval from the FDA.  Indeed, we have become aware from documents in that case that inquiries were made about the promotion of TriCor in combination therapy with statins, which is abundantly relevant to this case.

(*Id*.).  Relator's counsel requested Defendant provide its "final position" regarding the transcripts by Friday, June 17, 2016, as it "intend[ed] to seek immediate relief from the Court" if Defendant "persists in its objection."  (*Id*.).  Counsel for Defendant replied on June 17 that the deposition transcripts were not relevant because *In re TriCor* involved a different subject matter, and Relator had no reason to believe the deposed individuals in that case would have been asked about, or addressed, the off-label marketing issue at issue in the present litigation.  (*Id*. at 1). However, counsel for Defendant offered to review the case documents referenced by Relator in an attempt to understand her argument.  (*Id*. at 1).  Relator did not provide Defendant with the

6

documents she believed demonstrated the relevance of the depositions, but rather filed this motion.  The motion was accompanied by the requisite certification of counsel that attempts to meet and confer were held, but were not successful.

The Court is not persuaded by Defendant's argument that Relator failed to confer in good faith because she did not take Defendant up on its offer to review the documents underlying her relevancy argument prior to filing this motion.  (*Id.* at 5).  Defendant has cited no authority indicating that such conduct amounts to "bad faith," and the case law of this Circuit does not support such a proposition.  *Cf. Naviant Mktg. Sols.*, *Inc.*, 339 F.3d at 181-82 (counsel acted in bad faith where he took a "belligerent and uncompromising approach to the discovery process."); *Cannon v. Cherry Hill Toyota, Inc.,* 190 F.R.D. 147, 153 (D.N.J. 1999) (bad faith demonstrated where the only effort made by counsel prior to filing a motion to compel was a single facsimile demanding responses by the close of business the following day).  Rather, the record in this case indicates that both parties engaged in substantive, courteous discourse to attempt to resolve their discovery dispute as to the relevance of the prior deposition testimony, but nevertheless reached an impasse.  Relator reasonably determined that further negotiation would not be fruitful, and her motion to compel complies with Federal Rule of Civil Procedure 37, the local rules, and Judges Jones' standing order.  Therefore, the Court rejects Defendant's argument that the motion should be dismissed as "procedurally deficient."  The Court will thus consider the merits of the motion.

**B.**     **Relevancy of Requested Transcripts**

In considering the relevance of the prior litigation documents requested in RFPs 440 and 441, the Court finds instructive *Inventio AG v. Thyssenkrup Elevator Am. Corp*., a patent case cited by both parties in which a district court in this Circuit considered whether to compel the plaintiff to produce deposition transcripts from a patent infringement litigation involving the plaintiff that was then-pending in the Southern District of New York.  662 F. Supp. 2d at 377. The Court in *Inventio* initially determined that there was a connection between the patents in its

case and the New York action, because both cases involved elevator-related patents from a common inventor that were assigned to the plaintiff.  *Id.* at 381-82.  However, the Court cautioned that "overlap between the New York [a]ction and the instant litigation" was not sufficient "to render every deposition produced in the New York [a]ction relevant to these proceedings."  *Id.* at 383.  The Court ultimately allowed discovery of the common inventor's deposition and the depositions of two other deponents in the New York action, who the plaintiff had designated as knowledgeable witnesses in the pending suit.  *Id.*  However, the Court denied the defendant's motion to compel production of the deposition transcripts of three individuals who testified in the New York case about consulting arrangements between the inventor and the plaintiff.  *Id.* at 384.  The Court explained that the defendant failed to make a "particularized showing" of the relevance of those consulting arrangements to the case, and noted that the defendant did not intend to call those deponents as witnesses in the case before it.  *Id.*

The parties disagree as to whether *In Re TriCor* and the pending matter are similar. Relator argues that *In Re TriCor* involved the marketing and sale of TriCor during some of time at issue in this case.  (Mot. to Compel at 5-6; Reply 3-5).  In support of this argument, Relator relies on Mr. Bradley's *In re TriCor* deposition testimony, which reveals that he testified to subjects including which of Defendant's employees were responsible for TriCor marketing and sales; TriCor marketing strategies, positioning, and materials; use of TriCor as a combination therapy; clinical studies of TriCor; and TriCor sales from 2000 to 2006.  (Reply 3-5).  Defendant responds that *In Re TriCor* involved the patenting of substantively identical formulations of its fenofibrate products as replacements for prior formulations as part of an anti-competitive scheme, not whether TriCor was marketed for off-label uses.  (Resp. 2-3, 7).  Defendant relies on the Amended Complaint from *In Re TriCor* as evidence that the cases involve entirely different claims.  (*Id.*).

The question before this Court is not whether *In Re TriCor* and this action are identical or involve identical claims or theories of liability, but rather whether there is sufficient similarity in subject matter for deposition testimony from *In Re TriCor* to potentially bear on issues in this matter.  In this case, an allegation of Relator's complaint is that Defendant improperly marketed TriCor for unapproved uses.  In the antitrust case, the allegation was that Defendant improperly reformulated TriCor to suppress generic competition.  Nonetheless, Mr. Bradley's testimony from the *In Re TriCor* proceedings reveals that *In Re TriCor* involved not only Defendant's development or patenting of its fenofibrate products, but also its attempts to market and sell those drugs during the time period at issue in this case.[5]  Therefore, even though these cases involve different claims and theories of liability, it appears that their underlying subject matter may be sufficiently similar that at least some of the deposition testimony from *In Re TriCor* is potentially relevant to the subject matter of this litigation.

However, *Inventio* makes clear that mere similarity in the subject matter of two cases is not enough to demonstrate the relevance of deposition testimony in another matter.  As always, it is incumbent on the party moving for production to show that the information sought could bear on some matter at issue in its case.  In this case, Relator has satisfied this burden for two individuals identified in RFP 440, Lisa Casteneda and Mike Jones, and one individual identified in RFP 441, Dr. Daniel Yannicelli.

Relator has demonstrated the potential relevance of the *In Re TriCor* deposition transcripts of Lisa Casteneda and Mike Jones because both Ms. Casteneda and Mr. Jones are identified in Defendant's Initial Disclosures as witnesses in this case and both have been noticed

---

[5]  Defendant argues that Mr. Bradley's testimony specifically states that TriCor "was <u>not</u> promoted for combination use with statins, and therefore if anything it tends to undermine Relator's claims."  (Resp. 8 n.3).  Even if this is correct, the mere fact that Mr. Bradley testified in *In Re TriCor* as to whether the drug was marketed as a combination therapy demonstrates that there was an overlap between that case and the present case.

for deposition.  (Reply at 4-5).  Further, Relator points out that Mr. Bradley testified that he worked with Ms. Castenada and Mr. Jones on TriCor marketing and sales.  (*Id.* at 3).  For these reasons, the Court believes that Ms. Casteneda and Mr. Jones may have testified in *In Re TriCor* to subject matter that is at issue, or that could be at issue, in the present case.

However, Relator has not specifically addressed the relevance of the depositions taken in *In Re TriCor* for any of the twenty-six other employees named in RFP 440.  Relator asserts that it is "highly likely" and a "near certainty" that employees involved in alleged off-label marketing of TriCor were asked about the marketing and sale of TriCor in the antitrust case, but her only support for this claim appears to be that Mr. Bradley was subject to such questioning in his *In Re TriCor* deposition.  Relator's reliance on Mr. Bradley's deposition testimony for this point is unpersuasive, as at the time of the *In Re TriCor* litigation, Mr. Bradley worked in market research with a specific responsibility for TriCor.  As Defendant points out, some of the individuals named in RFP 440 had roles in research, development, finance, and contracting. (Resp. 8).  Even if their jobs may have related to Defendant's fenofibrate products, a claim Relator does not make, the Court will not assume without some greater showing from Relator that these individuals were asked about the marketing and sales issues that underlie this case.

With regard to RFP 441, the only individual whom Relator specifically argues may have testified to relevant information is Dr. Daniel Yannicelli.  (Reply 5).  She argues that because Dr. Yanicelli was a highly paid, key "opinion leader" for Defendant with regard to TriCor, and is a "key figure in this case with respect to both off-label promotion and kickbacks," he may have offered relevant testimony in the *In Re TriCor* matter.  I agree.  In *Inventio*, the Court compelled production of the prior deposition transcript of a high-ranking individual within the plaintiff's organization because "his supervisory role and his generalized knowledge" could lead to the discovery of admissible evidence.  662 F. Supp. 2d. at 383.  In this case, the Court is persuaded that Dr. Yanicelli's high-level role and involvement in matters pertaining to the marketing of

10

TriCor suggest the possibility that he might have testified in the antitrust case to matters relevant to the pending action.  However, Relator has not carried her burden of demonstrating the relevance of other third-party depositions requested in RFP 441.

Accordingly, Defendant shall produce the deposition transcripts of Lisa Castaneda, Mike Jones, and Dr. Daniel Yannicelli, and all attendant exhibits.[6]  However, the Court is cognizant of the financial burden imposed on Defendant in locating and producing documents from a decade-old case.  Therefore, Relator shall pay the administrative costs of locating and producing these documents.[7]  An appropriate order follows.

**BY THE COURT:**

_____/s/ Lynne A. Sitarski_____
**LYNNE A. SITARSKI**
**UNITED STATES MAGISTRATE JUDGE**

---

[6]  Defendant does not argue that the *In Re TriCor* deposition transcripts were designated as confidential pursuant to a protective order entered in District of Delaware, and Relator points out that Mr. Bradley's deposition does not appear to have any such designation.  (Mot. to Compel 3 n.2).  Mr. Bradley's deposition appears to have been marked confidential only in connection to this case.  (*Id.*).  Accordingly, the Court does not perceive that its order requiring production of these three transcripts will violate a protective order from *In Re TriCor*.

[7]  "Administrative costs" means costs or expenses that may be incurred in locating, retrieving, and copying the deposition transcripts from storage, tasks that can be performed by a paralegal or a document clerk.  It does not extend to attorney time.